IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00904-MEH

RUSSELL LARSON,

     Plaintiff,

v.

CAROLYN COLVIN, Acting Commissioner of the Social Security Administration,

     Defendant.

_____

## ORDER ON MOTION FOR ATTORNEY'S FEES
_____

**Michael E. Hegarty, United States Magistrate Judge**.

     Before the Court is Plaintiff's Opposed Motion for Attorney's Fees Under the Equal Access to Justice Act and For Costs Under 28 U.S.C. § 1920 [filed August 13, 2015; docket #25]. The motion is fully briefed, and the Court finds that oral argument will not assist in the adjudication of the motion. For the reasons that follow, the Court denies the Plaintiff's motion.

     The facts and procedural history of this case are set out at length in the record and in this Court's May 15, 2015 order. In that order, the Court affirmed in part and reversed in part the decision of the Administrative Law Judge ("ALJ") and remanded the matter to the Defendant, the Commissioner of Social Security, for further proceedings. The Clerk of the Court then entered judgment in accordance with the Court's order. Thereafter, Plaintiff timely filed the present motion

pursuant to the EAJA. Plaintiff seeks an award of attorney's fees in the amount of $4,857.35.[1] He argues he is entitled to the award because the Defendant's position in this case was not substantially justified, and his attorney's hourly rate and number of hours spent on the case are reasonable.

The Defendant responds that her position was substantially justified, particularly given the findings of this Court and another judge in this District on a similar issue. Plaintiff replies that the Defendant "misses the point" in relying on subsequent decisions since this Court found reversible error. Having reviewed the motion, briefs and the entire record, the Court finds as follows.

The Equal Access to Justice Act ("EAJA") provides for an award of attorney's fees to a prevailing party, other than the United States, in a civil action brought by or against the United States, unless the Court finds that the position of the United States was substantially justified or special circumstances make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A). The substantial justification test is one of reasonableness in law and fact; thus, a position is substantially justified if it is "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). A "position can be justified even though it is not correct, and ... it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct." *Id.* at 566 n.2.

"Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which

---

[1]Although the Plaintiff also purports to seek costs pursuant to 28 U.S.C. § 1920, he fails to identify the amount of costs he seeks and makes no argument concerning the recovery of costs.

fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(B); *see also Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). "The government bears the burden of demonstrating that its position was substantially justified." *Id.* A district court retains discretion to determine whether this standard has been met. *Id.*; *see also Pierce*, 487 U.S. at 561-62. In exercising that discretion, the Court must consider the case "as an inclusive whole, rather than as atomized line-items." *Comm'r, Immigration & Naturalization Servs. v. Jean*, 496 U.S. 154, 161-62 (1990).

On May 15, 2015, this Court found partially in favor of the Plaintiff, reversed the ALJ's decision, and remanded the matter to the Commissioner of Social Security for further proceedings on one issue raised by the Plaintiff. Thus, it is undisputed that the Plaintiff is the prevailing party in the current matter. *See Hackett v. Barnett*, 475 F.3d 1166, 1168 (10th Cir. 2007) (a claimant is the prevailing party when the district court remands to the Commissioner of Social Security under 42 U.S.C. § 405(g)).

Defendant contends that her position was substantially justified in arguing the ALJ properly relied on the vocational expert's testimony concerning the night cleaner position. The Court agrees. Both the Plaintiff and Defendant referred to definitions in both the Dictionary of Occupational Titles ("DOT") and the Selected Characteristics of Occupations ("SOC") for their positions concerning the ALJ's findings at Step 5. *See* Opening Brief, docket #13 at 29; Response Brief, docket #16 at 22. Defendant relied on the SCO for its position that exposure to fumes and other inhalants was "not present" in the definition of a night cleaner position. Docket #16 at 22. However, while the ALJ and VE discussed DOT definitions during hearing testimony, they did not discuss the SCO and it was unclear that the VE relied on or referred to the SCO; accordingly, relying primarily on DOT

3

definitions, the Court found, *inter alia*, that the ALJ failed to develop the record at Step 5 to clarify the apparent conflict between the VE testimony and the RFC. Order, docket #23 at 25-26.

As to whether Defendant's position was substantially justified, the Court finds that given the Plaintiff's brief reference to the SCO in the Opening Brief, his failure to file a Reply Brief responding to Defendant's references to the SCO, and the Defendant's legally supported explanation in its response brief here that the DOT and SCO are frequently considered "a single work" (docket #26 at 10), the Court concludes that a reasonable person could think it correct that the ALJ was not obligated to develop the record further concerning a conflict arising between the DOT job description and the testimony of the VE.

Accordingly, the Court finds that the Commissioner's position was substantially justified. Therefore, the Plaintiff is not entitled to an award of attorney's fees and costs under the EAJA and the Plaintiff's Opposed Motion for Attorney's Fees Under the Equal Access to Justice Act and For Costs Under 28 U.S.C. § 1920 [filed August 13, 2015; docket #25] is **denied**.

Dated at Denver, Colorado this 9th day of October, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge